IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BANGOR HYDRO ELECTRIC
COMPANY,

No. CV-10-726-HZ

        Plaintiff,

      v.

OPINION & ORDER

BRIDGEWELL RESOURCES, LLC,
JOSEPH PASSADORE, JUSTIN THELIN,
and EDWARD HOSTMANN, INC.,

        Defendants.

Benjamin J. Miller
Craig J. Capon
HARRANG LONG GARY RUDNICK PC
360 E. 10th Avenue, Suite 300
Eugene, OR 97401

Christian Chandler
CURTIS THAXTER STEVENS BRODER

1 - OPINION & ORDER

& MICOLEAU LLC
PO Box 7320
Portland, ME 04112

       Attorneys for Plaintiff

George J. Cooper , III
DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP
851 SW Sixth Ave.
Suite 1500
Portland, OR 97204-1357

       Attorney for Defendant
       Bridgewell Resources, LLC

Stephen C. Voorhees
KILMER VOORHEES & LAURICK, PC
732 NW 19th Avenue
Portland, OR 97209

       Attorney for Defendant
       Joseph Passadore

Peter R. Mersereau
MERSEREAU & SHANNON, LLP
1 SW Columbia Street
Suite 1600
Portland, OR 97258

       Attorney for Defendant
       Justin Thelin

David A. Foraker
Sanford R. Landress
GREENE & MARKLEY, PC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

       Attorneys for Defendant
       Edward Hostmann, Inc.

2 - OPINION & ORDER

HERNANDEZ, District Judge:

This matter comes before me on a Motion to Stay (doc. #71) filed by Bridgewell Resources LLC ("Bridgewell"). Bridgewell seeks to stay this action for an initial period of ninety days pending resolution of a proof of claim ("Proof of Claim") submitted in <u>Wells Fargo Capital Finance, Inc. v. North Pacific Group, Inc. et al</u>, No. CV-10-65-KI (the "<u>Wells Fargo Capital Finance Case</u>") by Bangor Hydro Electric Company ("Bangor"). For the reasons that follow, I GRANT Bridgewell's Motion to Stay.

## BACKGROUND

This action arises out of a purchase order made on October 7, 2009, between Bangor, an electric transmission and distribution company, and North Pacific Group, Inc. ("NPG") for the production and delivery of 3,000 timber mats. <u>See</u> Am. Compl., ¶¶ 9, 10, 13. Timber mats are large wooden pallets used to store and transport construction equipment. <u>See</u> Id. ¶ 10. Bangor alleges that pursuant to the purchase order, it wired $1,164,750 to NPG as payment in full for 3,000 timber mats. <u>See</u> Id., ¶ 26. It alleges that, to date, its order remains only partially filled and it has yet to receive 1,708 timber mats as promised under the purchase order. <u>See</u> Id.

On January 20, 2010, Wells Fargo Capital Finance, Inc. ("Wells Fargo") filed a complaint in the United States District Court for the District of Oregon before the Honorable Garr M. King against four defendants, including NPG. <u>See</u> <u>Wells Fargo Capital Finance Case</u>, Docket #1. Wells Fargo alleges that the four defendants defaulted on loans it made to them and seeks to recover the outstanding portions of the loans. <u>See</u> <u>Id.</u> On January 20, 2010, Judge King issued an order appointing Edward Hostmann, Inc. as the receiver (the "Receiver") entitling it with "the exclusive and broad power and authority to manage and control the businesses and properties of

3 - OPINION & ORDER

[defendants] in order to preserve the value of the Collateral."  Declaration of George J. Cooper ("Cooper Decl."), Ex. 2, p. 3.

On February 25, 2010, Judge King issued an order ("Order Authorizing Sale") approving an asset purchase agreement ("Purchase Agreement") filed by the Receiver under which Bridgewell agreed to buy certain assets of NPG.  See Wells Fargo Capital Finance Case, Docket #82.  The Order Authorizing Sale explicitly stated that Judge King retained jurisdiction "to resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement[.]"  Order Authorizing Sale, ¶ P.

On June 24, 2010, Bangor filed this action in the United States District Court for the District of Oregon against Bridgewell, the Receiver, and two Bridgewell employees, Joseph Passadore and Justin Thelin.  Am. Compl., ¶¶ 4, 5, 7, 8.  Bangor's complaint set forth the following five claims for relief: (1) a claim against the Receiver for conversion or in the alternative, for violation of Bangor's special property interest in the timber mats pursuant to the Uniform Commercial Code ("UCC") § 2-502; (2) a claim against Bridgewell for breach of contract; (3) fraud; (4) negligent misrepresentation; and (5) promissory estoppel.  See Am. Compl., ¶¶ 28-33.  Bangor's prayer for relief seeks a judgement against the Receiver in the amount of $663,131and seeks from the other defendants delivery of the mats it has not received, or in the alternative, the amount of $663,131.  See Id., Prayer for Relief.

Bangor filed a Proof of Claim with the Receiver in the Wells Fargo Capital Finance Case on February 18, 2011, claiming it was owed $663,131 based on its special property interest in the timber mats pursuant to UCC § 2-502.  Cooper Decl., Ex. 3, p. 1-2.  The amount claimed in

Bangor's Proof of Claim is for the same amount and is related to the same cause of action alleged here.  See Am. Compl., ¶ 59.

On February 18, 2011, the Receiver filed a motion for summary judgement in this action on Bangor's first claim for relief and its affirmative defense of quasi-judicial immunity.  I issued an Opinion and Order on April 28, 2011, granting the Receiver's motion for summary judgment on the basis that Bangor's claims against the Receiver for violation of UCC § 2-502 and for conversion were barred by the doctrine of quasi-judicial immunity.  In my Opinion and Order, I also expressly noted that "[t]he proper venue for Bangor['s] . . . grievance is in the Wells Fargo Capital Finance action, where it should pursue its proof of claim."  Opinion and Order, p. 7.

On May 10, 2011, Bangor filed a motion for summary judgment in this action against Bridgewell on its second claim for relief, alleging breach of the purchase order contract that Bridgewell had assumed through the Purchase Agreement.  Specifically, Bangor's second claim for relief alleges that Bridgewell failed to deliver the remaining number of timber mats owed to it and that as a result of Bridgewell's breach, Bangor sustained damages in the amount of approximately $664,000.

## STANDARDS

A federal district court has the inherent power to control its own docket and calendar.  Mediterranean Entm't, Inc. v. Ssangyong Constr. Corp., 708 F.2d 1458, 1465 (9th Cir. 1983); see also Federal Rules of Civil Procedure ("Rule") 16.  The district court should weigh the following competing interests to determine whether to exercise its discretion to stay proceedings:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly

course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected from a stay.

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)); see also Cohen v. Carreon, 94 F. Supp. 2d 1112, 1115 (D. Or. 2000).

The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis, 299 U.S. at 255. These considerations are "counsels of moderation rather than limitations on power." Id. In order to stay proceedings in one suit to abide the proceedings in another, the parties and issues of the two cases need not be identical. Id. at 254. "Federal courts possess the inherent broad . . . discretion to manage their dockets and stay proceedings in the interests of economy and fairness." Am. Rivers, Inc. v. NOAA Fisheries, No. CV-04-0061, 2004 WL 2075032, at *3 (D. Or. 2004) (citing Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000)).

## DISCUSSION

### I. Possible Damage That May Result

Bridgewell asserts that a stay would not damage or prejudice Bangor. Bangor responds that it would be damaged by a stay because it has already sustained economic damages totaling at least $664,000 and would continue to suffer those damages. It also argues that a stay would result in additional delay.

Bangor does not elaborate any particular damages beyond those it has allegedly already incurred and fails to argue that it would suffer any specific damage apart from delay itself. I find

Bangor's arguments unavailing and conclude that the potential prejudice and damage to Bangor if this action were stayed is low.  Accordingly, this factor weighs in favor of a stay.

**II. Hardship and Inequity to the Moving Party if the Action is Not Stayed**

Bridgewell contends that it would be inefficient and burdensome for it to defend itself in this action when the same claim has been brought by Bangor in a case currently pending before Judge King.  It argues that going forward with this action would require it to unnecessarily spend additional resources.

I find that it would be improvident to compel the parties under these circumstances to actively litigate this action when it involves the same claim presented to the Receiver in the Wells Fargo Capital Finance Case.  The claims Bangor presented to the Receiver and to this court arise out of the same facts and seek the same relief.  Resolution of Bangor's Proof of Claim in the Wells Fargo Capital Finance Case would certainly clarify most, if not all, of the claims Bangor seeks in this action and would ultimately determine Bangor's need to proceed in this action.  In fact, resolution of Bangor's Proof of Claim in Bangor's favor may dispose of this case entirely.  Subjecting Bridgewell to the hardship and inequity of having to unnecessarily litigate a case and expend additional time and money in this instance weighs in favor of staying this matter pending resolution of Bangor's Proof of Claim in the Wells Fargo Capital Finance Case.

**III. Orderly Course of Justice**

Bangor asserts that a stay is not warranted because its motion for partial summary judgment in this action on its breach of contract claim is fully briefed and presents no novel questions of law.  It asserts that a stay would not simplify any issues, proof, or questions of law,

and contends that nothing precludes it from seeking resolution of the same claim in two
concurrent actions.

The district court "must determine whether granting a stay will simplify or complicate
issues . . . while keeping in mind its goal of promoting economy of time and effort for itself, for
counsel, and for the litigants." Cohen, 94 F. Supp. 2d at 1115.  A review of the Wells Fargo
Capital Finance Case shows that the Receiver's distribution plan ("Distribution Plan") is due by
July 20, 2011.  Approval of the Distribution Plan and resolution of Bangor's Proof of Claim in
the Wells Fargo Capital Finance Case would clarify many of the claims in this action, and in
turn, simplify at least some of the claims here.

On the other hand, because Bangor's Proof of Claim in the Wells Fargo Capital Finance
Case arises out of the same cause of action as the claims alleged here and seeks the same relief, a
decision to go forward with this action would likely complicate issues if my decisions, including
whether to grant or deny Bangor's pending motion for partial summary judgment, were to
conflict with the Receiver's decisions in the Wells Fargo Capital Finance Case or Judge King's
own decisions.  Avoiding the needless waste of time, money, and precious judicial resources, as
well as avoiding the risk of rendering inconsistent verdicts stemming from the concurrent
litigation of two separate actions involving the same claims is compelling.

In sum, I find that staying this matter would promote judicial economy to some extent
because of the likelihood of Bangor's claims being resolved in the Wells Fargo Capital Finance
Case.  In the exercise of my inherent case-management authority and broad discretion, I conclude
that the balance of competing interests weighs in favor of staying this matter pending resolution
of Bangor's Proof of Claim in the Wells Fargo Capital Finance Case.

8 - OPINION & ORDER

**CONCLUSION**

For the forgoing reasons, this court GRANTS Bridgewell's motion to stay (doc. #71) pending resolution of Bangor's Proof of Claim before Judge King.  All activities in this matter, including Bangor's motion for partial summary judgment (doc. #60), is STAYED pending resolution of Bangor's Proof of Claim in the <u>Wells Fargo Capital Finance Case</u>.  Bridgewell's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this <u>20th</u> day of July, 2011.


<u>/s/ Marco A. Hernandez</u>
Marco A. Hernandez
United States District Judge