IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BANGOR HYDRO ELECTRIC COMPANY,

        Plaintiff,

    v.

BRIDGEWELL RESOURCES, LLC,
JOSEPH PASSADORE,
JUSTIN THELIN,
and EDWARD HOSTMANN, INC.,

        Defendants.

No. 3:10-CV-726-HZ

OPINION & ORDER

Benjamin J. Miller
Craig J. Capon
HARRANG LONG GARY RUDNICK P.C.
360 E. 10th Avenue, Suite 300
Eugene, OR 97401

Christian Chandler
CURTIS THAXTER, ATTORNEYS AT LAW
PO Box 7320
Portland, ME 04112

    Attorneys for Bangor Hydro Electric Company

1 - OPINION & ORDER

George J. Cooper , III
DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP
851 SW Sixth Ave., Suite 1500
Portland, OR 97204-1357

  Attorney for Bridgewell Resources, LLC

Stephen C. Voorhees
KILMER VOORHEES & LAURICK, PC
732 NW 19th Avenue
Portland, OR 9720

  Attorney for Joseph Passadore

Peter R. Mersereau
MERSEREAU & SHANNON, LLP
1 SW Columbia Street, Suite 1600
Portland, OR 97258

  Attorney for Justin Thelin

David A. Foraker
Sanford R. Landress
GREENE & MARKLEY, PC
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

  Attorneys for Edward Hostmann, Inc.

HERNANDEZ, District Judge:

  This matter comes before me on Plaintiff's Notice of Development ("Plaintiff's Notice") (doc. #88) filed by Bangor Hydro Electric Company ("Bangor" or "Plaintiff").  Plaintiff's Notice urges this court to lift the stay entered July 20, 2011, and to address Plaintiff's fully-briefed motion for partial summary judgment (doc. #62).

  I construe Plaintiff's Notice as a motion to lift the July 20, 2011, stay.  Plaintiff's motion to lift the stay is GRANTED; however, for the reasons set forth below, Plaintiff's motion for partial summary judgment is DENIED.

2 - OPINION & ORDER

**BACKGROUND**

This action arises out of a purchase order made on October 7, 2009 (the "Purchase Order"), between Bangor, an electric transmission and distribution company, and North Pacific Group, Inc. ("NPG") for the production and delivery of 3,000 timber mats. See Pl.'s First Am. Compl. ("Am. Complaint"), ¶¶ 9, 10, 13. Bangor alleges that pursuant to the Purchase Order, it wired $1,164,750 to NPG as payment in full for the 3,000 timber mats, and to date has yet to receive 1,708 timber mats as promised under the Purchase Order. See id., ¶ 26. Because this action is related to a pending proceeding before the Honorable Garr M. King, specifically Wells Fargo Capital Finance, Inc. v. North Pacific Group, Inc. et al, No. CV-10-65-KI (the "Wells Fargo Action"), I find it useful to briefly illuminate the relationship between the Wells Fargo Action and the action presently before me.

On January 20, 2010, Wells Fargo Capital Finance, Inc. ("Wells Fargo") filed the Wells Fargo Action against four defendants, including NPG, in the United States District Court for the District of Oregon. Wells Fargo alleges that the four defendants defaulted on loans Wells Fargo made to them and seeks to recover the outstanding portions of the loans. The same day Wells Fargo filed its action, January 20, 2010, Judge King issued an order appointing Edward Hostmann, Inc. as the receiver (the "Receiver") in the Wells Fargo Action, entitling it with "the exclusive and broad power and authority to manage and control the businesses and properties of [defendants] in order to preserve the value of the Collateral." Declaration of Edward C. Hostmann ("Hostmann Decl."), Ex. 1, p. 3 (doc. #41). Under the authority of the Receiver, NPG sold and assigned "certain identified" assets of NPG to Atlas Trading Acquisitions, LLC ("Atlas") pursuant to an Asset Purchase Agreement ("APA") dated February 10, 2010. Declaration of George J. Cooper ("Cooper Decl."), ¶ 2 (doc. #68); Id., Ex. 2, pp. 1-2. Atlas

subsequently assigned the assets it had acquired from NPG to Bridgewell Resources, LLC ("Bridgewell"), essentially making Bridgewell the acquirer of NPG's assets. See Pl.'s Mem. of Law, p. 4 (doc. #61); Cooper Decl., Ex. 2, p. 1. On February 25, 2010, Judge King issued an order approving the APA ("Order Authorizing Sale") and retaining jurisdiction "to resolve any disputes, controversies or claims arising out of or relating to the [APA.]" Cooper Decl., Ex., 2, pp. 1-2, 14-15.

On June 24, 2010, Bangor filed this action in the United States District Court for the District of Oregon against Bridgewell, the Receiver, and two Bridgewell employees, Joseph Passadore ("Passadore") and Justin Thelin ("Thelin"). Am. Compl., ¶¶ 4, 5, 7, 8. Bangor alleges the following five claims for relief against defendants: (1) a claim against the Receiver for conversion or in the alternative, for violation of Bangor's special property interest in the timber mats pursuant to the Uniform Commercial Code ("UCC") § 2-502; (2) a claim against Bridgewell for breach of contract; (3) a claim against Bridgewell, Passadore, and Thelin for fraud; (4) a claim against Bridgewell, Passadore, and Thelin for negligent misrepresentation; and (5) a claim for promissory estoppel against Bridgewell. See id., ¶¶ 28-59.

On February 18, 2011, Bangor filed a Proof of Claim with the Receiver in the Wells Fargo Action, claiming that pursuant to UCC § 2-502 it had a special property interest in the 1,708 timber mats owed to it and was therefore entitled to approximately $664,000 from the Receiver. Hostmann Decl., Ex. 3, pp. 1-2 (doc. #41). The same day, February 18, 2011, the Receiver filed a motion for summary judgement in this action against Bangor's first claim for relief. I issued an Opinion and Order on April 28, 2011, granting the Receiver's motion for summary judgment on the basis that Bangor's claims against the Receiver were barred by the doctrine of quasi-judicial immunity. In my April 28, 2011, Opinion and Order, I also stated that

"[t]he proper venue for Bangor[']s . . . grievance [was] in the [Wells Fargo Action], where it should pursue its proof of claim."  Cooper Decl., Ex. 5, p. 7.

On May 10, 2011, Bangor filed a motion for summary judgment in this action on its second claim for relief, which alleges breach of contract by Bridgewell for failing to deliver the remaining 1,708 timber mats owed to it under the Purchase Order.  Am. Compl., ¶ 34.  On June 10, 2011, Bridgewell filed a motion to stay this proceeding pending resolution of Bangor's Proof of Claim in the Wells Fargo Action.  I granted Bridgewell's motion to stay on July 20, 2011.

In an Opinion and Order issued on December 21, 2011, Judge King concluded Bangor maintained only a general unsecured claim in the 1,708 timber mats owed to it and denied Bangor's request that the Receiver release funds to pay Bangor's Proof of Claim.[1]  Bangor subsequently filed Plaintiff's Notice requesting this court to "lift the stay in this case, have the parties proceed with any outstanding discovery, and . . . decide Bangor['s] pending motion for partial summary judgment."

## STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it could affect the outcome of the suit under the governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case.  Celotex Corp., 477 U.S. at 325.  The burden

---

[1] Bangor contends that to date, the Receiver has only paid it $26,000, well below the $663,131 it is allegedly owed for the undelivered timber mats.

5 - OPINION & ORDER

then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial.  Id. at 324.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 248 (quotation omitted).  The non-moving party must come forward with more than "the mere existence of a scintilla of evidence."  Anderson, 477 U.S. at 252.  Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment ."  Id.  However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.  See Thornhill Publ'n Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).  Lastly, "in ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson, 477 U.S. at 255).

## DISCUSSION

Bangor asks this court to interpret the language of the APA and contends that under the plain language of the APA, Bridgewell is the purchaser and assignee of certain NPG assets, including the Purchase Order.  Bangor argues that even if this court were to find the language of the APA ambiguous, the extrinsic evidence establishes that Bridgewell intended to assume all the obligations under the Purchase Order, including the obligation to deliver 3,000 timber mats to Bangor.

In response, Bridgewell makes a number of arguments, the most persuasive of which is that Bangor's avenue of redress for its breach of contract claim lies with Judge King in the Wells Fargo Case. Notably, Bangor makes no argument to the contrary.

I agree with Bridgewell that the redress Bangor seeks pursuant to its breach of contract claim lies in the Wells Fargo Case. The record demonstrates that pursuant to his February 25, 2010, order, Judge King retained jurisdiction over all disputes, controversies, and claims arising out of the APA. Specifically, Judge King's February 25, 2010, order states:

> [T]his Court retains jurisdiction (i) to enforce and implement the terms and provisions of the [APA], all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, (ii) to resolve any disputes, controversies or claims arising out of or relating to the [APA], (iii) to interpret, implement and enforce the provisions of [the court's February 25, 2010, order], and (iv) to protect the [Bridgewell] against any Excluded Liabilities or the assertion of any lien, claim, encumbrance, or other interest, of any kind or nature whatsoever, against the [assets purchased under the APA].

Cooper Decl., Ex. 2, p. 14.

Clearly, interpreting the provisions of the APA–as Bangor would have me do here–falls squarely within Judge King's jurisdiction to resolve disputes, controversies, or claims "arising out of or relating" to the APA. The issues presented in Bangor's motion for summary judgment should therefore be made to Judge King in the Wells Fargo Case, not this court. Indeed, this conclusion is consistent with my April 28, 2011, Opinion and Order in which I recognized that Judge King "retained jurisdiction to resolve 'any disputes, controversies or claims arising out of or relating to the [APA]'" and stated that "[t]he proper venue for Bangor['s] . . . grievance [was] in the Wells Fargo [Case], where it should pursue its proof of claim." Cooper Decl., Ex. 5, p. 7 (citing Judge King's February 25, 2010, Order Authorizing Sale).

7 - OPINION & ORDER

## CONCLUSION

Based on the foregoing, Plaintiff's motion to lift the stay (doc. #88) is GRANTED and Plaintiff's motion for partial summary judgment (doc. #62) is DENIED. Oral argument is unnecessary.

IT IS SO ORDERED.

Dated this 30th day of March, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge