IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BANGOR HYDRO ELECTRIC COMPANY,   No. 03:10-cv-00726-HZ

        Plaintiff,   OPINION & ORDER

   v.

BRIDGEWELL RESOURCES, LLC, et al.,

        Defendants.

Ben Miller
Craig Capon
Harrang Long Gary Rudnick P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401

Christian T. Chandler
Curtis Thaxter Stevens Broder & Micoleau LLC
P.O. Box 7320
Portland, ME 04112

    Attorneys for Plaintiff

1 - OPINION & ORDER

Robert L. Allen
George J. Cooper
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Bangor Hydro Electric Company ("Plaintiff" or "Bangor") moves for reconsideration of this Court's March 30, 2012, order denying its motion for partial summary judgment against Bridgewell Resources, LLC ("Bridgewell"). For the reasons set forth below, Plaintiff's motion for reconsideration (doc. #97) is DENIED.

## BACKGROUND

    This action arises out of a purchase order made on October 7, 2009, between Plaintiff and North Pacific Group ("NPG") for the production and delivery of 3,000 timber mats. Am. Compl., ¶¶ 12-13 (doc. #9). Plaintiff alleges that it made payment in full for the timber mats but did not receive the number of timber mats ordered. See id. On January 20, 2010, Wells Fargo Capital Finance, Inc. ("Wells Fargo") filed an action ("Wells Fargo Action") against four defendants, including NPG, in the United States District Court for the District of Oregon, alleging that those four defendants defaulted on loans Wells Fargo made to them. See Wells Fargo Capital Fin., Inc. v. N. Pac. Grp., Inc. et al, No. CV-10-65-KI, Compl., ¶¶ 1-8 (doc. #1). On January 20, 2010, Judge King appointed Edward Hostmann, Inc. ("Receiver" or "Hostmann") as the receiver in the Wells Fargo Action. Hostmann Decl., Ex. 1, p. 3 (doc. #41). On February 25, 2010, Judge King issued an order authorizing NPG to sell and assign its assets to Atlas Trading Acquisitions, LLC ("Atlas") pursuant to an Asset Purchase Agreement ("APA"). Id., Ex. 2, pp. 1-2; Cooper Decl.,

Ex. 1, p. 6 (doc #68). Atlas subsequently assigned certain assets to Bridgewell Resources, LLC ("Bridgewell"), essentially making Bridgewell the acquirer of NPG's assets. See Mem. in Supp. of Mot. for Partial Summ. J., p. 4 (doc. #61). On June 15, 2010, Plaintiff filed a Proof of Claim in the Wells Fargo Action, seeking $663,131 for 1,708 undelivered timber mats allegedly owed by Bridgewell. Hostmann Decl., Ex. 3, p. 2 (doc. #41).

On June 24, 2010, Plaintiff filed this action in the United States District Court for the District of Oregon against Bridgewell and two of Bridgewell's employees, Joseph Passadore and Justin Thelin. Compl., ¶¶ 3-7 (doc. #1). Plaintiff alleges breach of contract and promissory estoppel against Bridgewell and alleges fraud and negligent misrepresentation by all three defendants. Id., ¶¶ 28-53. On August 19, 2010, Plaintiff filed a First Amended Complaint, adding a claim that the Receiver in the Wells Fargo Action violated Uniform Commercial Code ("UCC") § 2-502. Am. Compl., ¶¶ 28-33 (doc. #9). On February 18, 2011, the Receiver moved for summary judgment based on, among other things, its affirmative defense of quasi-judicial immunity. On April 28, 2011, this Court granted the Receiver's motion for summary judgment.

On May 10, 2011, Plaintiff moved for partial summary judgment on its breach of contract claim against Bridgewell. On June 10, 2011, Bridgewell moved to stay these proceedings, pending the resolution of Plaintiff's Proof of Claim in the Wells Fargo Action. On July 20, 2011, this Court granted Bridgewell's motion for stay. On February 24, 2012, Plaintiff informed this Court that its Proof of Claim in the Wells Fargo Action had been resolved and requested that the stay on these proceedings be lifted and its motion for partial summary judgment on its breach of contract claim be addressed. On March 30, 2012, this Court granted Plaintiff's request to lift the stay, but denied its motion for partial summary judgment.

3 - OPINION & ORDER

**STANDARDS**

Reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration, however, "should not be granted, absent highly unusual circumstances . . . [and] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations and emphasis omitted).

**DISCUSSION**

Plaintiff argues that this Court erred in its March 30, 2012, Opinion & Order because it did not consider the definition of the term "Court" as defined under Local Rule 1-5 and the APA, and because "this case was presented to Judge King on July 27, 2010, and he declined to take special assignment of this matter."[1] Mem. in Supp. of Mot. for Recons., pp. 2-4 (doc. #98). Plaintiff contends that the term "Court" under the APA and Local Rule 1-5 means that the "U.S. District Court for the District of Oregon as a whole retained jurisdiction over disputes arising from this matter, not Judge King as an individual judicial officer." Id. (emphasis in original). Plaintiff's arguments are unavailing.

The arguments presented by Plaintiff were not made in its motion for partial summary judgment, even though Bridgewell specifically argued that Plaintiff "ha[d] already been advised

---

[1] Plaintiff seeks reconsideration on the basis that this Court committed clear error, not that there has been an intervening change in the law or that new evidence exists.

4 - OPINION & ORDER

by this Court, in [this Court's April 28, 2011,] Opinion & Order . . . that the proper forum for a dispute relating to the APA is [the Wells Fargo Action]."[2] Bridgewell's Resp., pp. 19-20 (doc. #66). Indeed, Plaintiff concedes that it failed to address Bridgewell's argument. Reply to Def.'s Opp'n, p. 9 (doc. #101). Plaintiff's belated attempt to address Bridgewell's argument is improper. See Kona Enter., 229 F.3d at 890.

      Plaintiff also argues that "this Court has jurisdiction to resolve these claims in this case" because "Judge King had granted [Plaintiff] express permission to proceed in this separate action." Reply to Def.'s Opp'n, p. 9 (doc. #101). I disagree with Plaintiff's argument. The evidence relied on by Plaintiff shows that in a letter dated July 27, 2010, Plaintiff sought Judge King's "permission to bring an action directly against [the Receiver] in the Bangor Hydro case." Miller Decl., Ex. 1, p. 1 (doc. #99). Judge King responded, "The Court does not believe Bangor . . . is a 'party,' but, to the extent permission is necessary, the Court gives permission to Bangor . . . to bring an action directly against the receiver[.]" See Wells Fargo Capital Fin., Inc., No. CV-10-65-KI, Minute Order (doc. #266). Judge King's August 2, 2010, order does not address what claims Plaintiff may bring against Bridgewell nor does it state that I have jurisdiction over all the claims in this action, including those "claims arising out of the APA" over which Judge King specifically stated that he had jurisdiction. See id. Accordingly, Plaintiff's argument fails.

/ / /

/ / /

---

    [2] This Court stated in its April 28, 2011, order that "the proper venue for [Plaintiff]'s grievance is in the [Wells Fargo Action], where it should pursue its proof of claim." Op. & Order, p. 7 (doc. #59).

5 - OPINION & ORDER

## CONCLUSION

Based on the above, Plaintiff's motion for reconsideration (doc. #97) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of July, 2012

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

6 - OPINION & ORDER